**Senja Jovana ANASTASJA, Yohanes Rahadi, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–5350–ag.

United States Court of Appeals, Second Circuit.

Oct. 17, 2006.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioners.

Stephen J. Murphy, United States Attorney, William J. Sauget, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Senja Jovana Anastasja and Yohanes Rahadi, natives and citizens of Indonesia, seek review of a September 9, 2005 order of the BIA adopting and affirming the June 9, 2004 decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Senja Jovana Anastasja and Yohanes Rahadi,* Nos. A96–264–275, A96–264–276 (B.I.A. Sept. 9, 2005), *aff'g* A96–264–275, A96–264–276 (Immig. Ct. N.Y. City June 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales,* 331 F.3d at 307. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin*

*v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

◼ The IJ determined that petitioners' asylum applications were untimely. Because petitioners have not presented this Court with any constitutional or legal arguments regarding the finding of untimeliness, this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1158(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006).

◼ The IJ further determined, and the BIA affirmed, that petitioners did not satisfy their burden of proof for withholding of removal because they failed to show past persecution or establish that they would be subjected to future persecution in Indonesia. In reaching this conclusion, the IJ applied an overly strict standard. All that petitioners were required to show is that it is more likely than not that their life or freedom would be threatened in their county of origin due to their race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Because the IJ employed an improper standard in evaluating petitioners' claims for withholding of removal, we grant the petition in part, and vacate and remand that portion of the decision addressing those claims.

Because petitioners have failed to sufficiently argue the IJ's denial of their CAT claims before this Court, we deem any such challenge waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED with respect to petitioners' withholding of removal claims,

DISMISSED with respect to their asylum claims, and DENIED with respect to their CAT claims. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.